**In re Michael and Barbara AALGAARD, Debtor.**

**Michael and Barbara AALGAARD, Plaintiff,**

**v.**

**PUBLIC FINANCE, Defendant.**

**Bankruptcy No. A81–0291–104.**
**Adv. No. 81–00692–104.**

United States Bankruptcy Court,
E. D. Washington.

March 31, 1982.

J. William Southwell, Spokane, Wash., for plaintiffs.

W. B. Iunker, P. S., Spokane, Wash., for Public Finance Co.

## MEMORANDUM DECISION

L. WARDEN HANEL, Bankruptcy Judge.

This matter is before the Court on the complaint of the plaintiff/debtors, Michael and Barbara Aalgaard, to void a nonpossessory, nonpurchase money security interest in household goods held by the defendant, Public Finance Company, a loan company organized pursuant to the Washington Small Loan Companies Act, R.C.W. 31.08 et seq. Counsel agreed to waive oral argument and argue the issue by brief.

12. *Id.* at 3, 14th paragraph.

## FACTS

On June 7, 1979 plaintiffs entered into a loan agreement with defendant borrowing $1,352.49. Pursuant to said agreement plaintiffs executed a security agreement covering plaintiffs' household goods in favor of defendant and defendant properly filed a UCC–1 financing statement with the Spokane County Auditor.

Plaintiffs refinanced their loan with plaintiff on January 16, 1980 for $1,438.74, and again on March 28, 1980 for $2,948.49, (defendant took as additional security at this time plaintiffs' automobile) and on January 29, 1981 for $2,499.74.

Plaintiffs filed under Title 11 of the United States Code for relief under the Bankruptcy Act which was granted on April 15, 1981. Plaintiffs filed this adversary to void liens pursuant to 11 U.S.C. § 522(f)(2) May 4, 1981 and the defendant answered on May 11, 1981. Briefs were submitted and oral argument waived.

## ISSUE

There are two issues joined. First, can 11 U.S.C. § 522(f)(2) be applied retroactively to nonpossessory, nonpurchase-money security interests perfected prior to October 1, 1979 and second, does a UCC–1 financing statement properly filed prior to October 1, 1979 survive a loan refinancing agreement entered into after October 1, 1979 pursuant to R.C.W. 31.08 et seq.

## DISCUSSION

11 U.S.C. § 522(f) states:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

■ The first issue raised by defendant's brief has been previously ruled upon by this Court which found that any retroactive application of 11 U.S.C. § 522(f) would be an unconstitutional taking of property in violation of the due process clause of the Fifth. Amendment. *In re Williams,* 8 B.R. 562 (Bkrtcy.1981).

■ The second issue must be viewed in light of R.C.W. 31.08.160(4) and R.C.W. 31.-08.170(4) which state:

R.C.W. 31.08.060(4)

No licensee shall induce or permit any borrower to split up or divide any loan, nor induce or permit any person, nor any husband or wife jointly or severally, to become obligated, directly or contingently or both, under more than one contract of loan at the same time, for the purpose or with the result of obtaining a higher rate of charge than would otherwise be permitted by this section. If part or all of the consideration for a loan contract is the unpaid principal balance of a prior loan with the same licensee, then the principal amount payable under such loan contract shall not include any unpaid charges on the prior loan, except charges which have accrued within sixty days before the making of such loan contract and may include the balance of a precomputed contract which remains after giving the rebate required by subsection (3) hereof.

R.C.W. 31.08.170(4)

Upon payment of the loan in full, mark indelibly every obligation signed by the borrower with the word "paid" or "canceled" and release any mortgage and restore all notes and collateral which no longer secures a loan and to which the borrower may be lawfully entitled: *Provided, however,* That in case any such document or obligation is in custodia legis

these requirements shall not be applicable;

Under R.C.W. 31.08.170(4), upon plaintiffs refinancing their loan, defendant was required to cancel the old note from plaintiffs and issue a new note. Thus, on each successive refinancing indicated in the facts above a new obligation was incurred. Further, when plaintiffs refinanced the obligation on March 28, 1980 the defendant not only retained the household goods as security but also took a security interest in plaintiffs' car. It is apparent that each of these transactions extinguished plaintiffs' old obligation to defendant and created a new obligation.

Defendant does not take issue with the above, but asserts that although a new obligation arose, the properly perfected security interest filed in June of 1979 survived the subsequent refinancing agreements and thus, defendant's security interest arose and was perfected prior to October 1, 1979 and cannot be voided.

The Court cannot agree with defendant's contention. It is required under Washington State Law, R.C.W. 31.08.160(4) that a small loan company cannot have more than one loan with an individual or marital community at any one time. Therefore, upon each successive refinancing a new obligation arose which was signed by the plaintiffs and agent of the defendant. New payment terms were listed, a new interest rate applied, and a new security agreement arose. In fact, new security was taken on the March 28, 1980 refinancing.

Since the collateral on each financing agreement was essentially the same defendant did not file new UCC–1 financing statements, nor were they under any obligation to do so legally. A UCC–1 financing statement is required to perfect a creditor's security interest against a third party and is good for five years from the date of filing said agreement. Therefore, defendant had a properly perfected security agreement as against third parties. Yet to enforce its security interest against the plaintiffs, defendant was not required to file a UCC–1 financing statement. A security interest arose between defendant and plaintiffs when a new note and security agreement was entered into between the parties upon the refinancing of the loan since the old note and security agreement were cancelled and a new note and security agreement entered into. Thus, when plaintiffs refinanced their obligation on January 29, 1981 a new nonpossessory, nonpurchase-money security interest arose which is subject to lien avoidance by the plaintiffs under 11 U.S.C. § 522(f)(2). Further, the Court must point out that such a result is less harsh when one considers that defendant is assumed to know the law and was aware of the possible result of refinancing an obligation after October 1, 1979 in view of R.C.W. 31.08.160(4) and 11 U.S.C. § 522(f)(2).

In light of the foregoing which the Court adopts as its Findings of Fact and Conclusions of Law pursuant to Federal Rules of Bankruptcy Procedure 752 it is:

ORDERED that the judgment prayed for in plaintiffs' complaint to void defendant's lien on plaintiffs' household goods is hereby granted and

FURTHER ORDERED that counsel for the plaintiffs submit an Order in conformity with the foregoing.